UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                                                     Civ. No. 16-629 WJ/GJF
                                                                                     Crim. No. 05-2463 WJ

ALBERT L. MARTINEZ,

    Defendant-Movant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

On June 22, 2016, Defendant filed a "Motion to Correct Sentence under 28 U.S.C. § 2255" ("Motion"). ECF No. 1.[1] In the Motion, Defendant asserted that two of his three prior convictions on which the district court relied in sentencing him under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), were now invalid in the wake of *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Descamps v. United States*, 570 U.S. ___, 133 S.Ct. 2276 (2013). *Id.*.[2] On July 22, 2016, the United States filed its response in which it conceded that the combined effect of the holdings in *Johnson* and *Descamps* dictated that Defendant's prior California state burglary conviction can no longer be considered a "violent felony" under 18 U.S.C. § 924(e)(2)(B). ECF No. 5. The United States further conceded that the subtraction of that burglary conviction from the ACCA computation left Defendant short of the minimum threshold of three qualifying convictions and, therefore, Defendant is entitled to be resentenced. *Id.* at 6.

---

[1] This is the first such motion that Defendant has filed since his conviction became final back in 2008.

[2] The United States Supreme Court recently held that the rule announced in *Johnson* applies retroactively to cases on collateral review. *See Welch v. United States*, 136 S.Ct. 1257 (2016).

1

After an independent review of governing law, I agree with the parties that Defendant's prior California state burglary conviction is no longer a "violent felony" under any valid provision of the Armed Career Criminal Act.[3]  I further agree that Defendant is entitled to resentencing based on *Johnson* and *Descamps*.  I recommend that the Court grant the motion, vacate Defendant's sentence, order that a new presentence report be prepared, and set this case for resentencing.

Timely objections may be made pursuant to 28 U.S.C. § 636(b)(1)(c).  Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to Section 636(b)(1)(c), file written objections to such proposed findings and recommended disposition with the Clerk of the United States District Court for the District of New Mexico.  A party must file any objections within the fourteen-day period allowed if that party wants appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.

**IT IS SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[3] I express no opinion as to the assertions by Defendant that his 1991 New Mexico state robbery conviction is also infirm under the ACCA.  Given that Defendant is entitled to resentencing on the narrow basis conceded by the United States, it is not necessary to reach the merits of Defendant's robbery conviction.